IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JEHAN SEMPER, an individual,<br><br>　　　　　　Plaintiff,<br>v.<br><br>JANET L. YELLEN, Secretary of the Treasury,<br>　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER DISMISSING THE CASE SUA SPONTE FOR CLAIM-SPLITTING<br><br><br>Case No. 1:22-cv-00107<br><br>District Judge Ted Stewart |

　　　　The Court addresses this matter sua sponte, on the basis that it is duplicative of an action that Plaintiff is currently litigating before this Court. Plaintiff, Jehan Semper, is self-represented, and brings employment related discrimination and other claims related to her employment with the Internal Revenue Service ("IRS") against Defendant, Secretary Janet L. Yellen. Plaintiff filed this case on August 18, 2022. Previously, on May 23, 2022, Plaintiff filed suit against Secretary Yellen and other Defendants for claims arising out of the same IRS employment.

　　　　District courts have "discretion to control their dockets by dismissing duplicative cases."[1] More specifically,

> The rule against claim-splitting requires a plaintiff to assert all of its causes of actions arising from a common set of facts in one lawsuit. By spreading claims around in multiple lawsuits in other courts or before other judges, parties waste "scarce judicial resources" and undermine "the efficient and comprehensive disposition of cases."[2]

---

[1] *Katz v. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011) (citing *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)).

[2] *Id.* (quoting *Hartsel Springs Ranch of Colo., Inc. v. Bluegreen Corp.*, 296 F.3d 982, 985 (10th Cir. 2002)).

Claim-splitting is analyzed "as an aspect of res judicata."[3] However, the Tenth Circuit has clarified that it differs from conventional res judicata—also known as claim preclusion—in one important regard: "a final judgment is not a necessary component of the claim-splitting analysis."[4] "[T]he test for claim splitting is not whether there is finality of judgment, but whether the first suit, assuming it were final, would preclude the second suit."[5]

The Tenth Circuit has held that "[i]n our Circuit, '[c]laim preclusion requires: (1) a judgment on the merits in the earlier action; (2) identity of the parties or their privies in both suits; and (3) identity of the cause of action in both suits'"[6] "Put another way, the doctrine of claim preclusion prevents 'the parties or their privies from relitigating issues that were or could have been raised in' an earlier action."[7] As claim-splitting assumes finality of judgment for the first prong analysis,[8] the Court turns to the second and third prongs.

Plaintiff states in her Complaint that Defendants include "Yellen, Secretary of the Treasury, et al[.] as described within 1_22_CV_00070_TS."[9] Accordingly, both cases involve the same Plaintiffs and Defendants.

The remaining question is then whether Plaintiff's claims in 1:22-CV-00070 represent the same causes of action as those in the present case. The Tenth Circuit has "adopted the

---

[3] *Id.* (quoting *Hartsel*, 296 F.3d at 986).

[4] *Id.* at 1218.

[5] *Id.*

[6] *Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1202 (10th Cir. 2000) (quoting *Yapp v. excel Corp.*, 186 F.3d 1222, 1226 (10th Cir. 1999) (second alteration in original)).

[7] *Id.* (quoting *Clark v. Haas Grp., Inc.*, 953 F.2d 1235, 1238 (10th Cir. 1992)).

[8] *Katz*, 655 F.3d at 1218.

[9] Docket No. 2, at 3; Docket No. 9, at 3.

transactional approach of the Restatement (Second) of Judgments to determine what constitutes a 'cause of action' for res judicata purposes."[10]

> The transactional approach provides that a final judgment extinguishes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose. What constitutes a transaction or a series is to be determined pragmatically considering whether the facts are related in time, space, origin, or motivation, and whether they form a convenient trial unit.[11]

In Plaintiff's Complaint, she states "*[s]ee* 1_22_cv_00070_TS for Statement of Claim and Plaintiff's allegations giving rise to this Complaint."[12] In addition, she alleges that the Defendant failed to comply with the June 6, 2022 Department of Treasury Final Agency Decision awarding compensatory damages to Plaintiff.[13] The compensatory damages award is based on the Office of Civil Rights and Diversity's finding that the IRS unlawfully retaliated against Plaintiff.[14] Claims related to these events are the basis of the 1:22-cv-00070 case.

The Tenth Circuit "repeatedly has held that 'all claims arising from the same employment relationship constitute the same transaction or series of transactions for claim preclusion purposes.'"[15] "Under the rule against claim-splitting, Plaintiff is required to bring all of these related claims in a single action. This is true even when . . . the claim does not mature until after

---

[10] *King v. Union Oil Co. of Cal.*, 117 F.3d 443, 445 (10th Cir. 1997) (citing *Petromanagement Corp. v. Acme-Thomas Joint Venture*, 834 F.2d 1329, 1335 (10th Cir. 1988)).

[11] *Id.* (citing *Lowell Stats Mining Co., Inc., v. Phila. Elec. Co.,* 878 F.2d 1271, 1274 (10th Cir. 1989) (internal quotation marks omitted)).

[12] Docket No. 2, at 3; Docket No. 9, at 3.

[13] Docket No. 2-1; Docket No. 9-1.

[14] Docket No. 2-1, at 2; Docket No. 9-1, at 2.

[15] *Wilkes v. Wyo. Dep't of Emp.*, 314 F.3d 501, 504 (10th Cir. 2002) (quoting *Mitchell*, 218 F.3d at 1202).

the initial complaint has been filed"[16] Accordingly, Plaintiff is required to bring all claims related to the facts underlying this case in a single action. As such, the rule against claim-splitting necessitates dismissal of this case. Plaintiff may amend her complaint in case 1:22-cv-00070 if she deems it necessary.

It is therefore

ORDERED that this matter is DISMISSED without prejudice.

DATED March 27, 2024.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[16] *Catlin v. Salt Lake City Sch. Dist.*, No 2:09-CV-777TS, 2011 WL 939349, at *3 (D. Utah Mar. 16, 2011).